36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Wayne SHINKMAN, Defendant-Appellant.
 No. 93-5579.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 2, 1994.
Decided September 8, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-92-134-B)
 Jack W. Stewart, Asheville, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Thomas R. Ascik, Asst. U.S. Atty., Asheville, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Warren Wayne Shinkman appeals from a district court judgment convicting him of two counts of sexual contact with a Native American female under the age of twelve. The acts were in violation of 18 U.S.C.A. Secs. 2241(c), 2244(a)(1) (West 1984 & Supp.1994). We affirm.
 
 
 2
 Shinkman first contends that the district court erred in admitting testimony and evidence surrounding a blood test for genital herpes. Samples of blood were taken from Shinkman and analyzed for herpes, which Shinkman's minor daughter had contracted. The results from the blood test were introduced by the government through a nurse practitioner who had the report of the results but who had not taken the blood or analyzed the sample. The report was admitted under the "business records" exception to the rule barring hearsay evidence. Fed.R.Evid. 803(6). Although couched in terms of the failure to meet three requirements of the business records exception, Shinkman essentially complains that the witness did not conduct the test or prepare the report. We address his contentions in that framework.
 
 
 3
 "There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." United States v. Duncan, 919 F.2d 981, 987 (5th Cir.1990), cert. denied, 500 U.S. 926 (1991). The nurse practitioner here was the keeper of the blood test report. Such records were normally under his control. And Shinkman makes no contention that the report was improperly prepared or that its information was improperly or inaccurately related to the jury.
 
 
 4
 The testimony at trial established that the blood was taken, promptly sent to a competent laboratory, and promptly returned to the health department where the report was kept. Time is required for scientific testing. Thus, while the test report was not prepared at the same time the blood was taken, it was sufficiently contemporaneous with the sampling to be admissible.
 
 
 5
 Finally, the nurse testified regarding the process of taking blood samples, sending them for analysis, and receiving and keeping the results. While the nurse obviously could not testify regarding the testing procedure (he was not involved in the blood analysis), his testimony adequately established that the procedures he used were the regular ones in the operation of the health department. Had Shinkman desired to attack the regularity of the procedures used in the testing lab, he certainly could have called those technicians for questioning. Shinkman's contentions of error regarding the admission of the blood report are without merit.
 
 
 6
 Shinkman's second claim is that the district court improperly admitted the testimony of a government witness. The witness in question was social worker Jennifer Abshire, who investigated the sexual contact incident through interviews with the victim. Defense counsel questioned Abshire whether she had offered the minor girl candy as an inducement to state that Shinkman had abused her. Abshire denied doing so. After she left the stand, however, the government recalled her to clarify her denial. Abshire then testified that after the interview a piece of candy fell out of her pocket (she was standing up from a bean-bag chair); the victim asked for the candy; and Abshire gave it to her. Abshire did not offer this testimony because she had only been asked whether candy had been offered as an inducement.
 
 
 7
 No objection was timely raised to the admission of Abshire's testimony. Thus, the issue is forfeited absent plain error. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). We discern none. Further, Shinkman attempted to use the testimony to attack Abshire's credibility. This was a valid strategic choice with which Shinkman may not now take exception. And it is the role of district courts to observe witnesses and weigh their credibility. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987).
 
 
 8
 Shinkman's final claim is that the evidence was insufficient to support a guilty verdict. This Court reviews sufficiency of the evidence deferentially, inquiring whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found guilt on all the elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993). The victim's own testimony was sufficient for the jury to find guilt.
 
 
 9
 The remainder of the evidence supported and corroborated the victim's testimony. Thus, a reasonable jury could have found guilt beyond a reasonable doubt. Shinkman's claim to the contrary is without merit.
 
 
 10
 Accordingly, we affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED